UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BOOTH, et al.,

    Plaintiffs,                                           Civil Action No. 20-CV-10730

vs.                                                     HON. BERNARD A. FRIEDMAN

FLINT POLICE OFFICERS
ASSOCIATION, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING THE MOTION OF DEFENDANTS
FLINT POLICE OFFICERS ASSOCIATION AND KEVIN SMITH TO DISMISS**

This matter is presently before the Court on the motion of defendant Flint Police Officers Association ("FPOA") and its president, defendant Kevin Smith ("Smith"), to dismiss [docket entry 9]. Plaintiffs have filed a response, and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

This case concerns a labor relations dispute. Plaintiffs allege that for some period of time prior to September 24, 2019, they were "provisional" sergeants with the Flint Police Department. On September 24, they were promoted to "permanent" sergeants. Compl. ¶ 25. These promotions allegedly were approved by the police chief, Timothy Johnson, to resolve a grievance filed on plaintiffs' behalf by their union, the FPOA, that claimed the promotions were due "because Plaintiffs had held the provisional Sergeant positions for well over 90 days and not been promoted to permanent Sergeants." *Id.* ¶¶ 22, 24-25. On October 15, the bargaining unit to which plaintiffs now belonged, the "Flint Police Department Sergeants ('FPDA') [sic]," represented by the Police Officers Labor Council ("POLC"), filed a grievance with the City of

Flint, claiming that plaintiffs had been promoted based on favoritism. *Id.* ¶ 26-27. On October 17, "there was a lawsuit filed against Flint by employees of Flint, which included police officers, alleging reverse race discrimination, suggesting promotions to Sergeant were based on race."[1] *Id.* ¶ 29. Shortly thereafter, plaintiffs were demoted to provisional sergeant positions, allegedly at the behest of the Flint mayor "to gain political favor with FPSA, and in an attempt to try to appease members of FPOA, including the officers and those involved in the lawsuit against Flint." *Id.* ¶ 33. Plaintiffs' demotion allegedly was the result of an agreement, in the form of a Memorandum of Understanding ("MOU"),[2] dated October 29, signed by Makini Jackson on behalf of the city and Smith on behalf of the FPOA. *Id.* ¶ 34. The POLC denied plaintiffs' request to process a grievance over their demotions. *Id.* ¶ 41.

Plaintiffs assert four claims. In Count I, they claim that defendants City of Flint and Makini Jackson violated their Fourteenth Amendment due process rights by depriving them

---

[1] A copy of the complaint in this case, *Baker v. City of Flint*, No. 19-113438 (Genesee Cty. Cir. Ct.), is attached to defendants' reply brief as Exhibit A. The plaintiffs are sixteen Caucasian city employees (an auditor, an electrician, six police officers, a maintenance worker, an accountant, a police terminal operator, a typist, a pollution control supervisor, a transportation worker, an operations supervisor, and a water clerk) who claim they were denied promotions and that less qualified African-American candidates were awarded the positions instead and/or that they were subjected to discrimination and retaliation. The seventeenth plaintiff, an African-American police investigator, claims he was constructively discharged when he declined to go along with racist policies of his supervisor. The defendants in are the *Baker* are the City of Flint, Flint police chief Timothy Johnson, and Flint human resources manager Makini Jackson.

[2] This MOU, a copy of which is attached to defendants' motion as Exhibit A, indicates that the city had mistakenly promoted plaintiffs while it was in the midst of negotiations with the FPOA over, among other things, promotions procedures. These parties agreed that the city would return plaintiffs "to their *status quo ante* . . . pending the completion of a promotional examination for the permanent placement of FPOA members into the position of Police Sergeant." MOU ¶ 1.

2

of property without notice or an opportunity to be heard. In Count II, plaintiffs claim that defendants FPOA and Smith tortiously "interfered with the contractual rights Plaintiffs had under their CBA with POLC and Flint. The MOU was intended to, and did, interfere with Plaintiffs' contractual rights under their CBA by causing the breach, disruption, or termination." *Id.* ¶¶ 54-55. In Count III, plaintiffs claim that the City of Flint breached "Plaintiffs' contractual rights under the CBA between POLC and Flint," which "included the right not to be discharged except for cause and the right to seniority in their positions." *Id.* ¶ 60. And in Count IV, plaintiffs claim that the POLC breached its duty to represent plaintiffs fairly. For relief, plaintiffs seek reinstatement to their permanent sergeant positions, damages, costs, and attorney fees.

In the motion now before the Court, defendants FPOA and Smith seek dismissal of Count II for failure to state a claim. To survive such a motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Defendants FPOA and Smith argue that plaintiffs have not stated a tortious

3

interference claim because the complaint does not allege the third element of such a claim,[3] i.e., "the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *CMI Int'l, Inc. v. Intermet Int'l Corp*., 649 N.W.2d 808, 812 (Mich. Ct. App. 2002) (quoting *In Feldman v. Green*, 360 N.W.2d 881, 891 (Mich. Ct. App. 1984)). Defendants argue that plaintiffs do not allege any "per se wrongful act," or "the doing of a lawful act with malice and unjustified in law," as the complaint alleges only that defendants filed grievances and negotiated with the city over promotions procedures.

Plaintiffs argue that they have sufficiently alleged defendants' "improper motives," Pls.' Resp. Br. at 10, in the following two paragraphs of the complaint:

> 29. Within days of the above grievance being filed by FPSA, on or about October 17, 2019, there was a lawsuit filed against Flint by employees of Flint, which included police officers, alleging reverse race discrimination, suggesting promotions to Sergeant were based on race.
>
> \* \* \*
>
> 33. In order to gain political favor with FPSA, and in an attempt to try to appease members of FPOA, including the officers and those involved in the lawsuit against Flint, Mayor Weaver directed her staff and/or attorneys, including Defendant Jackson, to reverse the decision of the then-Chief of Police to promote Plaintiffs to the positions of permanent Sergeant.

Compl. ¶¶ 29, 33.

Plaintiffs have not alleged any wrongful conduct by FPOA or Smith that would

---

[3] The elements of this claim are "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc*., 706 N.W.2d 843, 849 (Mich. Ct. App. 2005).

support the third element of their tortious interference claim. Plaintiffs concede that they "must demonstrate, with specificity, affirmative acts by the defendant[s] that corroborate the improper motive of the interference." *Dalley v. Dykema Gossett*, 788 N.W.2d 679, 696 (Mich. Ct. App. 2010) (internal quotation marks and citation omitted). But the cited paragraphs fail to allege that defendants did anything improper. Paragraph 29 alleges that FPSA (not FPOA) filed a grievance and that a reverse discrimination lawsuit was filed by third parties (not FPOA or Smith). Paragraph 33 alleges that it was Mayor Weaver (not FPOA or Smith) who directed defendant Jackson and others (not FPOA or Smith) to reverse plaintiffs' promotions. These paragraphs have almost nothing to do with defendants FPOA or Smith and certainly nothing that suffices to meet the third element of a tortious interference claim.

Nor is the Court persuaded that the complaint sufficiently alleges this element by claiming that the FPOA (or Smith, in his capacity as the FPOA president) acted improperly in negotiating the MOU with the city. As that document indicates, these parties agreed to return plaintiffs to their positions as provisional sergeants because the FPOA and the city were in the midst of negotiating a new collective bargaining agreement ("CBA"), including the procedures to be followed in promoting provisional sergeants to permanent sergeants. The grievance the FPOA had previously filed on plaintiffs' behalf (claiming that promotions were due because plaintiffs had held the provisional sergeant status for more than ninety days) was, by agreement of the FPOA and the city, meant to be held in abeyance pending the completion of the CBA negotiations. *See* MOU ("Recitals"). Such negotiations plainly have a valid business purpose, which are neither unlawful per se nor malicious and unjustified. Further, plaintiffs' allegation that "the City of Flint entered into the MOU for political favor or appeasement with FPOA,"

5

Pls.' Resp. Br. at 11, does nothing to advance plaintiffs' tortious interference claim against the FPOA or Smith.

The Court concludes that the complaint fails to state a claim against defendants FPOA or Smith for tortious interference with contract. Accordingly,

IT IS ORDERED that defendants' motion to dismiss Count II is granted.


s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: September 2, 2020     SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan