UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BOOTH, et al.,

    Plaintiffs,                                      Civil Action No. 20-CV-10730

vs.                                            HON. BERNARD A. FRIEDMAN

FLINT POLICE OFFICERS
ASSOCIATION, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION**

This matter is presently before the Court on plaintiffs' motion for a preliminary injunction [docket entry 20]. Defendants have filed a response in opposition and plaintiffs have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

In a recent opinion, the Court summarized this case as follows:

> This case concerns a labor relations dispute. Plaintiffs allege that for some period of time prior to September 24, 2019, they were "provisional" sergeants with the Flint Police Department. On September 24, they were promoted to "permanent" sergeants. Compl. ¶ 25. These promotions allegedly were approved by the police chief, Timothy Johnson, to resolve a grievance filed on plaintiffs' behalf by their union, the FPOA, that claimed the promotions were due "because Plaintiffs had held the provisional Sergeant positions for well over 90 days and not been promoted to permanent Sergeants." *Id.* ¶¶ 22, 24-25. On October 15, the bargaining unit to which plaintiffs now belonged, the "Flint Police Department Sergeants ('FPDA') [sic]," represented by the Police Officers Labor Council ("POLC"), filed a grievance with the City of Flint, claiming that plaintiffs had been promoted based on favoritism. *Id.* ¶ 26-27. On October 17, "there was a lawsuit filed against Flint by employees of Flint, which included police officers, alleging reverse race discrimination, suggesting

promotions to Sergeant were based on race." *Id.* ¶ 29. Shortly thereafter, plaintiffs were demoted to provisional sergeant positions, allegedly at the behest of the Flint mayor "to gain political favor with FPSA, and in an attempt to try to appease members of FPOA, including the officers and those involved in the lawsuit against Flint." *Id.* ¶ 33. Plaintiffs' demotion allegedly was the result of an agreement, in the form of a Memorandum of Understanding ("MOU"),[2] dated October 29, signed by Makini Jackson on behalf of the city and Smith on behalf of the FPOA. *Id.* ¶ 34. The POLC denied plaintiffs' request to process a grievance over their demotions. *Id.* ¶ 41.

Plaintiffs assert four claims. In Count I, they claim that defendants City of Flint and Makini Jackson violated their Fourteenth Amendment due process rights by depriving them of property without notice or an opportunity to be heard. In Count II, plaintiffs claim that defendants FPOA and Smith tortiously "interfered with the contractual rights Plaintiffs had under their CBA with POLC and Flint. The MOU was intended to, and did, interfere with Plaintiffs' contractual rights under their CBA by causing the breach, disruption, or termination." *Id.* ¶¶ 54-55. In Count III, plaintiffs claim that the City of Flint breached "Plaintiffs' contractual rights under the CBA between POLC and Flint," which "included the right not to be discharged except for cause and the right to seniority in their positions." *Id.* ¶ 60. And in Count IV, plaintiffs claim that the POLC breached its duty to represent plaintiffs fairly. For relief, plaintiffs seek reinstatement to their permanent sergeant positions, damages, costs, and attorney fees.

---

FN 2/

This MOU, a copy of which is attached to defendants' motion as Exhibit A, indicates that the city had mistakenly promoted plaintiffs while it was in the midst of negotiations with the FPOA over, among other things, promotions procedures. These parties agreed that the city would return plaintiffs "to their *status quo ante* . . . pending the completion of a promotional examination for the permanent placement of FPOA members into the position of Police Sergeant." MOU ¶ 1.

*Booth v. Flint Police Officers Ass'n*, No. 20-CV-10730, 2020 WL 5235228, at *1-2 (E.D. Mich. Sept. 2, 2020) (footnote 1 omitted).

In the motion now before the Court, plaintiffs seek a preliminary injunction "to

cancel the scheduled Sergeant's exam for the police department until a resolution of this matter, because the failure to do so violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and will cause Plaintiffs irreparable harm.." Pls.' Mot. at 2. Further,

> [t]he MOU . . . states Plaintiffs, "shall sit for [a] promotional examination." (Exhibit 12, p. 2). It also states that, "the City will hold a written promotional examination to establish an Eligible List or before October 31, 2020." (Exhibit 12, p. 2). The MOU mandates that Plaintiffs be promoted regardless of exam score, as long as a "passing score." (Exhibit 12, p. 2, para. 2). While it may seem favorable for Plaintiffs, it is not, and will only foster disharmony within the police department if Plaintiffs are forced to take the exam.

Pls.' Br. in Support at 4-5. Explaining the latter point, plaintiffs assert:

> Defendant City of Flint's actions have a significant risk of creating disharmony in the police department. By example, if an African American Plaintiff gets a lower score than a White Officer, who is not promoted, it will undoubtedly cause racial tension and a suggestion that the Black Officer was promoted due to race. In the pending lawsuit in Genesee County, it is already being alleged that Black employees are given favoritism, specifically with regard to another exam for Captain because the African American who was promoted had "scored lower on the...exam...". PageID.128. If the test goes forward, there is a significant risk of racial disharmony among police officers, who are charged with the responsibility to help rectify racial disharmony on the streets. Plaintiffs were promoted to permanent Sergeant under current policies and they should not be penalized by having to sit for an exam. Accordingly, Plaintiffs should not be forced to take a test for a position they already had with significant risk of fueling disharmony.

*Id.* at 5-6.

The Sixth Circuit recently reiterated the legal standards applicable to plaintiffs' motion as follows:

> A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555

> U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Rather, the party seeking the injunction must prove: (1) that they are likely to succeed on the merits of their claim, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Id*. at 20, 129 S.Ct. 365. A court considering whether to grant a preliminary injunction must therefore "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24, 129 S.Ct. 365 (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). Moreover, when crafting an injunction, a district court must take care to "limit the solution to the problem," for example, by "enjoin[ing] only the unconstitutional applications of a [policy] while leaving other applications in force." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328-29, 126 S.Ct. 961, 163 L.Ed.2d 812 (2006).

Adams & Boyle, P.C. v. Slatery, 956 F.3d 913, 923-24 (6th Cir. 2020).

Applying these factors to the present case leads the Court to conclude that the requested preliminary injunction should be denied. First, plaintiffs have not proven that they are likely to succeed on the merits. Defendants argue that plaintiffs were promoted from provisional to permanent sergeant positions due to administrative error. If this is the case, then it seems unlikely that plaintiffs will succeed in proving that their "demotion" from permanent to provisional positions deprived them of property without due process, as one has no property interest in continued employment without "a legitimate claim of entitlement" thereto. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). *Accord Lisle v. Metro. Gov't of Nashville & Davidson Cty., Tenn.,* 73 F. App'x 782, 785 (6th Cir. 2003). Whether plaintiffs were or were not entitled to be promoted to the permanent sergeant positions, and therefore could not be returned or "demoted" to their provisional sergeant positions without due process, remains to be seen, and at this point it is not at all clear whether plaintiffs will prevail.

Nor is the Court persuaded that plaintiffs will suffer irreparable harm if they are required to take the promotional examination. Plaintiffs allege that they have already been harmed by being demoted without due process, and the merits of that claim will be decided in the course of this litigation. But no conceivable harm can come to them simply by sitting for an examination. At worst, doing so may waste their time if, as they claim, they are entitled to the permanent positions regardless of testing. The alleged harm in the form of "foster[ing] disharmony within the police department" is far too speculative, and too far removed from constituting irreparable harm *to plaintiffs*, to supply the type and extent of harm necessary to support a grant of extraordinary injunctive relief.

The third and fourth factors, the balance of equities and the public interest, do not weigh for or against granting the requested injunction. As noted, the equities depend on whether plaintiffs were entitled to be promoted or whether they happened to be promoted due to administrative error, and this remains to be determined. The public certainly has an interest in the vindication of plaintiffs' constitutional rights, *see Dodds v. United States Dep't of Educ*., 845 F.3d 217, 222 (6th Cir. 2016), but when, as here, plaintiffs fail to show that they are likely to succeed on the merits of their constitutional claim, this factor carries no weight.

For these reasons, the Court concludes that plaintiffs have failed to demonstrate their entitlement to the requested extraordinary injunctive relief. Accordingly,

IT IS ORDERED that plaintiffs' motion for a preliminary injunction is denied.

                                            s/Bernard A. Friedman
                                            BERNARD A. FRIEDMAN
Dated: October 26, 2020           SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan